UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARCUS DEL ROSARIO ESPINAL           :
                                     :         11CV9656(JPO)
                 Plaintiff,          :
                                     :         COMPLAINT AND
         - against -                 :         DEMAND FOR JURY TRIAL
                                     :
THE CITY OF NEW YORK, ANDERSON       :         ECF CASE
ORTIZ and "JOHN DOE",                :
                                     :
                 Defendants          :
------------------------------------------------------------------x

Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

**NATURE OF THE ACTION**

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Marcos Del Rosario Espinal by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

2. Marcos Del Rosario Espinal is a resident of the United States who was lawfully present in his sister's motor vehicle in the vicinity of 1290 Grand Concourse, in the Borough of the Bronx, City and State of New York, on March 20, 2011, when he was arrested on a false criminal charge of Criminal Possession of a Forged Instrument in the Third Degree, handcuffed, transported to the 44th Precinct, detained for a period of time, issued a Desk Appearance Ticket, and prosecuted on a false criminal charge of Criminal Possession of a Forged Instrument in the Third Degree. The false charge against plaintiff Marcos Del Rosario Espinal was dismissed on October 25, 2011. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Anderson Ortiz can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Marcos Del Rosario Espinal is a resident of the United States who resides in the County of New York, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Anderson Ortiz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Anderson Ortiz was acting within the scope of his employment by defendant The City of New York.

10. Defendant "John Doe" is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein defendant "John Doe" was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

12. On November 10, 2011, and within ninety days of the accrual of the cause of action for malicious prosecution, plaintiff Marcos Del Rosario Espinal served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

13. Plaintiff Marcos Del Rosario Espinal's motion to extend his time to file a Notice of Claim as to his causes of action for assault and battery and false imprisonment and to deem his Notice of Claim served on November 10, 2011 to have been time served *nunc pro tunc* was granted by an Order of New York Supreme Court Justice Larry S. Schachner dated December 15, 2011.

14. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16. On March 20, 2011, at approximately 3:15 p.m., plaintiff Marcos Del Rosario Espinal was sitting in the motor vehicle of his sister, Brunilda Del Rosario, in the roadway on the Grand

Concourse, in front of 1290 Grand Concourse, in the Borough of the Bronx, City and State of New York.

17. At all times relevant herein, Brunilda Del Rosario was a teacher employed by the Department of Education of the City of New York.

18. Prior to March 20, 2011, the principal of the school in which Brunilda Del Rosario worked had issued to Ms. Del Rosario a valid Department of Education parking pass.

19. On March 20, 2011, the valid Department of Education parking pass which had been issued to Brunilda Del Rosario was displayed on the dashboard of her vehicle.

20. On March 20, 2011, defendant Anderson Ortiz arrested plaintiff Marcos Del Rosario Espinal on a false criminal charge of Possession of a Forged Instrument in the Third Degree.

21. The instrument which defendant Anderson Ortiz claimed was forged was the New York City Department of Education parking pass displayed on the dashboard of Brunilda Del Rosario's vehicle.

22. The New York City Department of Education pass displayed on the dashboard of Brunilda Del Rosario's vehicle was not a forged instrument.

23. The defendants did not have any warrant or other legal process directing or authorizing the seizure, arrest, detention, or imprisonment of plaintiff Marcos Del Rosario Espinal.

24. Defendant Anderson Ortiz handcuffed plaintiff Marcos Del Rosario Espinal.

25. Defendant "John Doe" assisted in the arrest of plaintiff Marcos Del Rosario.

26. Defendant Anderson Ortiz placed plaintiff Marcos Del Rosario Espinal in a police vehicle and defendants Anderson Ortiz and "John Doe" transported plaintiff Marcos Del Rosario Espinal to the 44th Precinct.

27. Plaintiff Marcos Del Rosario Espinal was imprisoned in the 44th Precinct for approximately four hours.

28. After imprisoning plaintiff Marcos Del Rosario Espinal for approximately four hours, defendant Anderson Ortiz issued a Desk Appearance Ticket to the plaintiff.

29. On information and belief, on July 11, 2011, defendant Anderson Ortiz falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Marcos Del Rosario Espinal had been in possession of a forged instrument, to wit, a forged New York City Department of Education parking pass.

30. On July 11, 2011, defendant Anderson Ortiz instituted a criminal proceeding against plaintiff Marcos Del Rosario Espinal in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crime of Criminal Possession of a Forged Instrument in the Third Degree.

31. On October 25, 2011, the criminal proceeding brought by defendant Anderson Ortiz against plaintiff Marcos Del Rosario Espinal was dismissed.

32. Plaintiff Marcos Del Rosario Espinal incurred legal fees of $3,500.00 to defend the false criminal charge brought by defendant Anderson Ortiz in Bronx Supreme Court, Criminal Division.

33. As a result of the arrest and prosecution of plaintiff Marcos Del Rosario Espinal by defendant Anderson Ortiz, the plaintiff's application for Naturalization to become a citizen of the United States was denied.

34. Plaintiff Marcos Del Rosario Espinal has incurred legal fees in the sum of $700.00 to date and a fee of $650.00 to the U.S. Citizenship and Immigration Services seeking a review of the decision to deny his application for citizenship because of the false criminal charge brought by defendant Anderson Ortiz.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though the same were set forth fully herein.

36. The seizure, arrest, detention and imprisonment of plaintiff Marcos Del Rosario Espinal were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

37. The charge upon which defendants Anderson Ortiz and "John Doe" arrested plaintiff Marcos Del Rosario Espinal were false.

38. The charge was made by defendants Anderson Ortiz and "John Doe" against plaintiff Marcos Del Rosario Espinal with knowledge that it was false.

39. Plaintiff Marcos Del Rosario Espinal was aware of his seizure, arrest, detention and imprisonment by defendants Anderson Ortiz and "John Doe".

40. Plaintiff Marcos Del Rosario Espinal did not consent to his seizure, arrest, detention or imprisonment.

41. As a result of the foregoing, plaintiff Marcos Del Rosario Espinal was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

42. The seizure, arrest, detention and imprisonment of plaintiff Marcos Del Rosario Espinal deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

43. Defendants Anderson Ortiz and "John Doe" were acting under color of state law when they seized, arrested and imprisoned plaintiff Marcos Del Rosario Espinal.

44. Defendants Anderson Ortiz and "John Doe" deprived plaintiff Marcos Del Rosario Espinal of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting, detaining and imprisoning plaintiff Marcos Del Rosario Espinal on a false criminal charge.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though the same were set forth fully herein.

46. The criminal charge brought by defendant Anderson Ortiz against plaintiff Marcos Del Rosario Espinal in Bronx Supreme Court, Criminal Division, was false.

47. The criminal proceeding instituted by defendant Anderson Ortiz against plaintiff Marcos Del Rosario Espinal in Bronx Supreme Court, Criminal Division, was instituted by defendant Anderson Ortiz with knowledge that the charge was false.

48. The criminal proceeding instituted by defendant Anderson Ortiz against plaintiff Marcos Del Rosario Espinal in Bronx Supreme Court, Criminal Division, was instituted without probable cause to believe that the plaintiff had committed the offense charged.

49. Defendant Anderson Ortiz was acting with malice when he instituted the criminal proceeding against plaintiff Marcos Del Rosario Espinal.

50. The criminal proceeding instituted by defendant Anderson Ortiz against plaintiff Marcos Del Rosario Espinal in Bronx Supreme Court, Criminal Division, was terminated in plaintiff Marcos Del Rosario Espinal's favor.

51. Defendant Anderson Ortiz was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that the New York City Department of Education parking pass displayed in the vehicle of the plaintiff's sister was a forged instrument.

52. Defendant Anderson Ortiz was acting under color of state law when he instituted a criminal proceeding against plaintiff Marcos Del Rosario Espinal in Bronx Supreme Court, Criminal Division.

53. Defendant Anderson Ortiz deprived plaintiff Marcos Del Rosario Espinal of his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by prosecuting plaintiff Marcos Del Rosario Espinal on a false criminal charge.

### COUNT THREE
### MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

54. Plaintiff incorporates by reference paragraphs 1 through 53 of this Complaint as though the same were set forth fully herein.

55. The acts complained of were carried out by defendants Anderson Ortiz and "John Doe" in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

56. The acts complained of were carried out by defendants Anderson Ortiz and "John Doe" in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

57. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of stopping, seizing, searching and arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

58. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests and searches;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

59. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

60. The seizure, arrest, detention, imprisonment and prosecution of plaintiff Marcos Del Rosario Espinal resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests and searches.

61. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

62. Defendant The City of New York deprived plaintiff Marcos Del Rosario Espinal of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests and searches.

63. The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as though the same were set forth fully herein.

65. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Anderson Ortiz and "John Doe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

66. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

67. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

68. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

69. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Marcos Del Rosario Espinal would be violated.

70. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Marcos Del Rosario Espinal.

71. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate

complaints against police officers for violating civil rights and to take appropriate remedial action.

72. Defendant The City of New York deprived plaintiff Marcos Del Rosario Espinal of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the seizure, arrest, imprisonment and prosecution of plaintiff Marcos Del Rosario Espinal.

## COUNT FIVE
## COMMON LAW ASSAULT AND BATTERY

73. Plaintiff incorporates by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74. Defendants Anderson Ortiz, "John Doe" and the City of New York committed an assault and battery on the person of plaintiff Marcos Del Rosario Espinal in the course of seizing, arresting, handcuffing and imprisoning the plaintiff.

75. As a result of the foregoing, plaintiff Marcos Del Rosario Espinal experienced physical and emotional distress, hardship and anxiety.

## COUNT SIX
## COMMON LAW FALSE IMPRISONMENT

76. Plaintiff incorporates by reference paragraphs 1 through 75 of this Complaint as though the same were set forth fully herein.

77. Defendants Anderson Ortiz, "John Doe" and The City of New York falsely imprisoned plaintiff Marcos Del Rosario Espinal by seizing, arresting and imprisoning him on a false

criminal charge.

78. As a result of the foregoing, plaintiff Marcos Del Rosario Espinal was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

## COUNT SEVEN
## COMMON LAW MALICIOUS PROSECUTION

79. Plaintiff incorporates by reference paragraphs 1 through 78 of this Complaint as though the same were set forth fully herein.

80. The institution of a criminal proceeding against plaintiff Marcos Del Rosario Espinal based on false criminal charges by defendants Anderson Ortiz and The City of New York constituted malicious prosecution.

81. As a result of the criminal proceeding instituted by defendants Anderson Ortiz and The City of New York, plaintiff Marcos Del Rosario Espinal was exposed to public ridicule, scorn, humiliation and embarrassment, and suffered emotional distress.

82. As a result of the criminal proceeding instituted by defendants Anderson Ortiz and The City of New York, plaintiff Marcos Del Rosario Espinal was required to incur legal fees to defend against the false criminal charge.

83. As a result of the criminal proceeding instituted by defendants Anderson Ortiz and The City of New York, plaintiff Marcos Del Rosario Espinal's application for Naturalization was denied and he was required to incur expenses and legal fees to appeal the decision denying his application.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
December 29, 2011

EUGENE M. BELLIN

*/s/ Eugene M. Bell*
Eugene M. Bellin (EB-0722)
Attorney for Plaintiff
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100